*In re* WILLIAM PACHECO NIEVES, querellado.

*Número:* O-75-482     *Resuelto:* 22 de enero de 1976

*Miriam Naveira de Rodón, Procuradora General, Américo Serra, y Ronaldo Rodríguez Ossorio, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Yamil Galib Frangie,* abogado del querellado.

### RESOLUCIÓN

No apareciendo de los hechos informados en el cargo único que el Fiscal William Pacheco Nieves haya incurrido en conducta reñida con los Cánones de Ética, se desestima la querella.

Lo acordó el Tribunal y certifica el Secretario. El Juez Asociado Señor Negrón García emitió un voto separado en que concurren el Juez Presidente Señor Trías Monge y el Juez Asociado Señor Torres Rigual.

(Fdo.) Angel G. Hermida
*Secretario*

—O—

Voto Concurrente y Disidente del Juez Asociado, Señor Negrón García con el cual concurren el Juez Presidente, Señor Trías Monge y el Juez Asociado, Señor Torres Rigual.

San Juan, Puerto Rico, a 22 de enero de 1976

El 17 de octubre de 1975 la Procurador General de Puerto Rico formuló la siguiente querella:

"Que el querellado William Pacheco Nieves, observó una conducta inmoral e impropia consistente en lo siguiente:

Allá para el mes de octubre de 1974, ocupando el cargo de fiscal auxiliar para el Tribunal de Distrito, el querellado se dirigió al fiscal Guillermo García García, quien entonces

efectuaba la investigación para la formulación de los correspondientes cargos criminales como resultado del incendio ocurrido en la Delta International Corporation, y le informó a éste que *tenía conocimiento* de que cuando él era sub-director del Cuerpo de Investigaciones Criminales de la Policía, los testigos de cargo en dicho caso, Gilberto Hernández y Edgardo Cruz Hernández, *no sabían nada de los hechos y que ahora aparecían sabiendo.* El fiscal García García le pidió al querellado que le prestara una declaración jurada sobre estos extremos, *ya que se trataba de un aspecto importante relacionado con la investigación criminal que conducía.* No obstante, el querellado rehusó prestar dicha declaración, incumpliendo así con una obligación inherente a su responsabilidad social, profesional y a su cargo como representante del ministerio público." (Énfasis suplido.)

A la luz de la contestación presentada por el querellado el 17 de noviembre de 1975, el Tribunal ha acordado desestimar la querella sin trámite ni pronunciamiento ulterior alguno.

Concurro en que los hechos expuestos en la querella—los cuales a los fines de la desestimación solicitada y decretada hay que tomar como ciertos[1]—denominada erróneamente "Desaforo" no pueden dar margen para continuar un procedimiento encaminado a separar al querellado, provisional o permanentemente, del ejercicio de la profesión de abogado. Disiento no obstante, de que el Tribunal no haya hecho expresión de censura sobre su proceder.

Consustancial a su cargo de fiscal, y como miembro de la clase togada comprometido al esclarecimiento de la verdad y a procurar que se haga justicia,[2] una vez requerido, el querellado tenía la obligación de jurar declaración escrita

---

[1] En esencia, el conocimiento manifestado por el querellado al fiscal investigador era de que los testigos de cargo habían cometido *perjurio.*

[2] Canon 5 del Código de Ética Profesional.

del conocimiento que tenía sobre la supuesta deshonestidad de los testigos de cargo.

Ante el problema que existe de apatía de la ciudadanía a cooperar activamente en la investigación de casos criminales debido a varios factores, (3) su conducta resulta detrimental a la imagen del Ministerio Fiscal y al importante rol que desempeña en el sistema de justicia criminal.

---

(3) Véase el *Informe de la Comisión para el Estudio de la Fiscalía y Representación Legal del Estado* sometido el 26 de septiembre de 1974 al Consejo sobre la Reforma de la Justicia, en particular las págs. 123-127.